UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

TYRONE HILL,

    Plaintiff,

v.

                                    Case Number 1:12-CV-13999
                                    HONORABLE THOMAS L. LUDINGTON
                                    UNITED STATES DISTRICT JUDGE

J.S. WALTON, et. al.

    Defendants,

_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL

Plaintiff Tyrone Hill, presently confined at the McKean Federal Correctional Institution in Bradford, Pennsylvania, filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. His complaint will be dismissed because Plaintiff has failed to state a claim upon which relief can be granted.

**I**

The Court initially notes that Plaintiff's § 1983 lawsuit alleges that his constitutional rights were violated by the warden and a mid-level practitioner (MLP) at the Federal Correctional Institution in Milan, Michigan (FCI-Milan). But § 1983 does not apply to actions against federal officials, because they are not state actors acting under color of state law. However, a plaintiff may file suit in federal court for damages arising from the violation of constitutional rights by persons acting under the color of federal law. *See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 395 (1971). Because Plaintiff is alleging that his constitutional rights were violated by persons acting under color of federal law, the plaintiff's § 1983 complaint is properly construed as a *Bivens* action. *See*, *e.g.*, *Shehee v. Luttrell*, 199 F.3d 295, 298 (6th Cir. 1999).

In this matter, Plaintiff was allowed to proceed without prepayment of fees. *See* 28 § U.S.C. 1915(a); *McGore v. Wrigglesworth,* 114 F. 3d 601, 604 (6th Cir. 1997). But § 1915(e)(2)(B) states:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that:
> (B) the action or appeal:
> (I) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). These screening provisions are applicable to *Bivens* actions brought by federal inmates. *See*, *e.g.*, *Plunk v. Givens,* 234 F. 3d 1128, 1129 (10th Cir. 2000); *see also Diaz v. Van Norman*, 351 F. Supp. 2d 679, 680–81 (E.D. Mich. 2005).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "A complaint lacks an arguable basis in law or fact if it . . . is based on legal theories that are indisputably meritless." *Brown v. Bargery*, 207 F. 3d 863, 866 (6th Cir. 2000)(citing *Neitzke*, 490 U.S. at 327–28). A complaint fails to state a claim "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown*, 207 F. 3d at 867. *Sua sponte* dismissal is appropriate if the complaint lacks an arguable basis when filed. *McGore,* 114 F. 3d at 612; *Goodell v. Anthony*, 157 F. Supp. 2d 796, 799 (E.D. Mich. 2001).

A *pro se* litigant's complaint is to be construed liberally, *Middleton v. McGinnis*, 860 F. Supp. 391, 392 ( E.D. Mich.1994)(citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); that is, they are held to a "less stringent standard" than complaints drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Such complaints, however, must plead facts sufficient to show a legal wrong has been committed from which the plaintiff may be granted relief. Fed. R. Civ. P. 12(b); *Dekoven*

*v. Bell*, 140 F. Supp. 2d 748, 755 (E.D. Mich. 2001).

## II

On August 12, 2011, Plaintiff injured his left wrist while playing basketball at the Federal Correctional Institution in Milan, Michigan. Plaintiff was taken to the medical unit, where he was examined by Defendant Restituto, an MLP at FCI-Milan. Restituto informed Plaintiff that he had sprained his left wrist and further informed Plaintiff that had he broken his wrist, he would know it. Restituto wrapped Plaintiff's hand in an ace bandage and advised him to relax, keep ice on his hand, elevate his wrist, and stay awake with the ace bandage on. Restituto, however, did not order an X-ray of Plaintiff's wrist. Other documentation that Plaintiff has attached to his complaint indicates that he was advised to return to the medical unit if his condition did not improve.

Plaintiff was transferred to the McKean Correctional Institution, where he went to the health service and spoke with a Rebecca Miller about his wrist. Miller ordered an X-ray of the wrist, which revealed a left scaphoid fracture. A cast was applied, although the condition may require surgery.

Plaintiff contends that the medical staff at FCI-Milan were negligent in failing to order an X-ray of his wrist, exhibiting medical indifference to his medical problem. He now seeks monetary damages.

## III

Under the Eighth Amendment to the U.S. Constitution, prison officials must provide adequate medical care to prisoners. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994); *Brooks v. Celeste*, 39 F. 3d 125, 127 (6th Cir. 1994). The Eighth Amendment prohibition against unnecessary and wanton infliction of pain is violated when there is deliberate indifference to the serious medical

needs of an inmate.  *Hicks v. Grey*, 992 F. 2d 1450, 1454–55 (6th Cir. 1993).

The test to determine whether prison or jail officials have been deliberately indifferent to an inmate's serious medical needs, in violation of the Eighth Amendment, has an objective and subjective component.  *Napier v. Madison County, Ky.*, 238 F. 3d 739, 742 (6th Cir. 2001)(citing to *Brown v. Bargery*, 207 F. 3d at 867).  The objective component requires an inmate to show that the alleged deprivation is sufficiently serious, and poses a substantial risk of serious harm.  The subjective component is satisfied if the inmate shows that prison officials had a "sufficiently culpable state of mind."  *Napier,* 238 F. 3d at 742 (citing to *Farmer,* 511 U.S. at 834).  In other words, to prove deliberate indifference, a plaintiff must show that the defendant "knew of, yet disregarded, an excessive risk to his health."  *Logan v. Clarke*, 119 F. 3d 647, 649 (8th Cir. 1997).

This Court notes that "[t]he Due Process Clause is simply not implicated by a *negligent* act of an official causing unintended loss of or injury to life, liberty, or property."  *Daniels v. Williams*, 474 U.S. 327, 328 (1986)(emphasis original); *see also Lewellen v. Metropolitan Government of Nashville and Davidson County, Tenn.*, 34 F. 3d 345, 348 (6th Cir. 1994)("[I]t is now firmly settled that injury caused by negligence does not constitute a 'deprivation' of any constitutionally protected interest.").  Likewise, a complaint that a doctor has been negligent in diagnosing or treating a medical condition of a prisoner does not state a valid claim of medical mistreatment under the Eighth Amendment.  *Estelle v. Gamble*, 429 U.S. at 106; *Sanderfer v. Nichols*, 62 F. 3d 151, 154 (6th Cir. 1995).  "[M]edical malpractice does not become a constitutional violation merely because the victim is a prisoner."  *Estelle*, 429 U.S. at 106.  Thus, an Eighth Amendment claim of deliberate indifference must be supported by more than mere negligence.  *See Harrison v. Ash,* 539 F.3d 510, 522 (6th Cir. 2008).

In the present case, Plaintiff does not allege that the medical staff at FCI-Milan refused to examine his wrist or offer any medical treatment. Instead, he alleges that the medical staff were indifferent and negligent for failing to order an X-ray. But the failure by prison personnel to perform an X-ray or to use additional diagnostic techniques does not constitute cruel and unusual punishment; it is, at most, medical malpractice. *Estelle,* 429 U.S. at 107; *see also Grose v. Correctional Medical Services, Inc.*, 400 F. App'x. 986, 988 (6th Cir. 2010)(unpublished); *Durham v. Nu'Man,* 97 F.3d 862, 868 (6th Cir. 1996).

At most, Plaintiff has alleged that Defendants were negligent in treating his broken wrist, and he has thus failed to state a claim upon which relief can be granted. The Court has no discretion in permitting plaintiff to amend his complaint to avoid a *sua sponte* dismissal. *McGore,* 114 F.3d at 612. "If a complaint falls within the requirements of § 1915(e)(2) when filed, the district court should *sua sponte* dismiss the complaint." *Id.*

Additionally, the Court certifies that any appeal by plaintiff would be frivolous and not in good faith. *See* 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Goodell*, 157 F. Supp. 2d at 802.

**IV**

Accordingly, it is **ORDERED** that Plaintiff's complaint, ECF No. 1, is **DISMISSED** for failing to state a claim upon which relief can be granted pursuant to § 1915(e)(2)(B).

It is further **ORDERED** that the Court **DECLINES** to issue a certificate of appealability.

Dated: April 5, 2013                        s/Thomas L. Ludington
                                            THOMAS L. LUDINGTON
                                            United States District Judge

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail, and upon Tyrone Hill #43500-060 at Federal Medical Center, Devens; P.O. Box 879 Ayer, MA 01432 by first class U.S. mail on April 5, 2013.

                                          s/Tracy A. Jacobs
                                          TRACY A. JACOBS